IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

CECIL HERSHEL HAYNES, )
)
      Petitioner, )
)
vs. ) Case No. CV 99-TMP-0688-NE
)
WARDEN JONES, and the )
ATTORNEY GENERAL OF )
THE STATE OF ALABAMA, )
)
      Respondents. )

ENTERED
DEC 11 2000

## MEMORANDUM OPINION

In this action by an Alabama state prisoner pursuant to 28 U.S.C. § 2254, challenging the constitutional validity of the conviction he received in the Cullman County Circuit Court on September 26, 1995, for attempted murder and first degree assault, the petitioner, Cecil Hershel Haynes, filed his *pro se* petition for writ of *habeas corpus* on April 21, 1999. In accordance with the usual practices of this Court and 28 U.S.C. § 636(b), the matter was referred to the magistrate judge for a preliminary review and report and recommendation, which was entered on November 1, 2000. On November 24, 2000, the petitioner untimely filed what this court deems to be an objection, asserting that the magistrate judge's conclusion regarding the timeliness of his petition does not comport with the United States Supreme Court opinion in <u>Artuz v. Bennett</u>, 2000 WL 1663653 (Nov. 7, 2000), decided after the report and recommendation was entered. Having reviewed the

objection, the court agrees that <u>Artuz</u> changes the way in which this court must view the petitioner's second Rule 32 petition, addressed in footnote 3 of the report and recommendation. Accordingly, the court reexamines the timeliness defense in light of the recent precedent.

### **Procedural History**

The procedural history of Haynes' case is set forth in detail in the report and recommendation. The material dates are as follows. On September 26, 1995, the petitioner was found guilty of first-degree assault and attempted murder after a jury trial in the Circuit Court of Cullman County. Petitioner appealed his convictions, and the Alabama Court of Criminal Appeals affirmed them on June 21, 1996. The petitioner applied for a writ of *certiorari*, which the Alabama Supreme Court denied on November 27, 1996. After the expiration of ninety days to seek certiorari at the United States Supreme Court, on February 25, 1997, the convictions became final.

On May 14, 1997, the petitioner filed a petition in the trial court pursuant to Alabama Rule of Criminal Procedure 32. The Rule 32 petition was denied on June 20, 1997, and the trial court's denial was affirmed by the Alabama Court of Criminal Appeals on November 14, 1997. Petitioner sought rehearing in the Alabama Court of Criminal Appeals, but his motion was overruled on January

30, 1998. A certificate of judgment was issued on February 17, 1998.

On February 27, 1998, the petitioner filed his first federal petition for writ of habeas corpus in this court. That petition was dismissed without prejudice at petitioner's request on September 8, 1998. During the pendency of the dismissed federal petition, 192 days elapsed.

The petitioner filed a second state Rule 32 petition in the state trial court on December 1, 1998, which was denied on February 10, 1999, on grounds that the petition was successive. Petitioner appealed that ruling to the Alabama Court of Criminal Appeals, and the appeal was dismissed on May 27, 1999, for failure of the appellant to file his brief.

The petitioner filed the instant *pro se* federal petition for writ of habeas corpus on March 23, 1999. The magistrate judge entered a report and recommendation on November 1, 2000, and the petitioner filed objections on November 24, 2000.

### **Timeliness**

In the magistrate judge's report and recommendation, the court recognized that the instant petition may not be considered by the

court because it is time-barred pursuant to 28 U.S.C. § 2244(d).[1] In recommending that the instant petition be deemed barred, however, the court determined that the petitioner's second Rule 32 petition for postconviction relief in the state court was not a "properly filed application" within the meaning of § 2244(d), based on the fact that the second Rule 32 petition was dismissed by the state court as successive. At the time that the report and recommendation was entered, the Supreme Court had not faced the question of what constitutes a "properly filed application," but the Eleventh Circuit Court of Appeals had held in <u>Webster v. Moore</u>, 199 F.3d 1256 (11th Cir. 2000), that a procedurally barred petition does not toll the running of the limitation period.

Since the entry of the report and recommendation, however, the Supreme Court has addressed the issue of whether an application for state postconviction relief containing claims that are procedurally barred is "properly filed" within the meaning of § 2244(d). In <u>Artuz</u>, the Supreme Court considered a petition for writ of habeas corpus filed by a prisoner more than a year and nine months after the effective date of the Antiterrorism and Effective Death penalty

---

[1] The one-year limitation period is subject to tolling under § 2244(d)(2), which states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Subsection 2244(d)(2) provides for the tolling of the limitation period during those times the petitioner has pending a "properly filed" post-conviction petition in state court. The term "properly filed application" is not defined by the statute.

-4-

Act of 1996 (AEDPA).[2] The district court had summarily dismissed the petition as untimely, and the Second Circuit Court of Appeals had reversed, concluding that the limitation period was tolled during the time that a 1995 motion for postconviction relief was pending. The court deemed the state court petition "properly filed," even though it was procedurally barred under state law. Id.[3]

The Supreme Court construed the "properly filed" provision to require only that the application be delivered and accepted "in compliance with the applicable laws and rules governing filings." More specifically, the court went on to define the applicable laws and rules governing filings as: "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Id. The Supreme Court stated that "[o]nly individual claims, and not the application containing those claims, can be procedurally defaulted under state law...."

---

[2] The petitioner in Artuz was convicted in 1984, and, therefore, his limitation period for seeking habeas relief in the district court was the one-year "grace period" commencing on AEDPA's effective date of April 24, 1996. The court held that the tolling provision of § 2244(d)(2) applied to the grace period, just as it applies to the limitation period imposed on a petitioner convicted after April 24, 1996.

[3] Publication page references were not available for this document through Westlaw at the time this memorandum opinion was prepared.

-5-

The Court specifically noted that the New York procedural bars at issue in <u>Artuz</u>, New York Criminal Procedure Law §§ 440.10(2)(a) and (c)(McKinney 1994), do not set forth a condition to filing, but rather prescribe a rule of decision by setting a "condition to obtaining relief." <u>Id</u>. The court reasoned that even though such motions will not be successful in the state courts because they violate procedural provisions, "they have been properly delivered and accepted so long as the filing conditions have been met." <u>Id</u>.

In this case, the petitioner's second Rule 32 petition was summarily denied, apparently because it violated Alabama Rule of Criminal Procedure 32.2(b), which states:

> The court <u>shall not grant relief</u> on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice.

Ala. R. Crim. P. 32.2(b)(emphasis added).

The Alabama rule, like the New York provisions, prescribes a rule of decision, but does not set forth a condition to filing. In other words, the rule appears to bar relief, but does not preclude such a motion for relief from being "properly filed." Accordingly, the court recognizes that the second Rule 32 petition filed by the petitioner was "properly filed." In this case, however, a finding

that the second Rule 32 petition was "properly filed" does not change the outcome for petitioner.

Haynes filed his second Rule 32 petition on December 1, 1998, eleven days after the statute of limitations had run. Consequently, there was no time left in his one-year period, and nothing left to toll. The Eleventh Circuit Court of Appeals addressed a similar situation in <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (2000), determining that "even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period," and noting that a petition filed "following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.

The same reasoning applies to the instant petition. As the magistrate judge determined in the report and recommendation, petitioner's conviction became final and his one-year period began to run on February 25, 1997. That time was tolled on May 14, 1997, after 78 days, when the petitioner filed his first Rule 32 petition. The limitation period did not begin to run again until the denial of the first Rule 32 petition became final on February 17, 1998.

At that time, petitioner was left with 277 days in which to timely file a habeas petition in this court. His deadline, therefore, was November 20, 1998. The second Rule 32 petition, which was the subject of Haynes' objection, was not filed until

December 1, 1998, eleven days after the deadline. Because he had no limitations period remaining to be tolled, the petitioner does not benefit from the expansive reading of § 2244(d)(2) set forth in the <u>Artuz</u> decision, and his petition for habeas relief is due to be denied.

### Conclusion

Accordingly, for the reasons stated above and for the additional reasons set forth in the magistrate judge's report and recommendation, the court finds that the petition for writ of *habeas corpus* under 28 U.S.C. § 2254 is due to be DISMISSED WITH PREJUDICE as time-barred by 28 U.S.C. § 2244(d). A separate order will be entered herewith.

The Clerk is DIRECTED to serve a copy of this memorandum opinion upon the petitioner and upon counsel for the respondents.

DATED this 11TH day of December, 2000.

*[signature]*
U.S. DISTRICT JUDGE